NO. 07-09-0197-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 6, 2009

_____

MICHAEL R. MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,347; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Pursuant to a guilty plea, in March 2006, Appellant, Michael R. Martinez, was granted deferred adjudication for the offense of aggravated assault and placed on community supervision for eight years. On July 24, 2007, the State filed a *Motion to Proceed with Adjudication of Guilt* alleging numerous violations of the terms and conditions of community supervision. According to the judgment contained in the clerk's record,

Appellant entered a plea of true to the State's allegations. Following a hearing on the State's motion,[1] the trial court found that Appellant had violated the terms and conditions of community supervision and adjudicated him guilty of the charged offense and sentenced him to twenty years confinement. The clerk's record and reporter's record have both been filed. A review of the reporter's record of the revocation hearing reflects that Appellant actually entered a plea of not true.

Additionally, Appellant was previously granted an extension of time in which to file his brief to October 5, 2009. The brief was not filed. By letter dated October 13, 2009, this Court notified Appellant's counsel, Jesse Mendez, of the defect and explained that failure to file the brief on or before October 23, 2009, would result in the appeal being abated and the cause remanded to the trial court for further proceedings. Counsel did not respond to this Court's notice and Appellant's brief has not been filed.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court is directed to (1) modify the *Judgment Adjudicating Guilt* to correctly reflect Appellant's plea of not true to the motion to adjudicate and cause the corrected judgment to be filed in a supplemental clerk's record as provided hereinbelow, and (2) determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court

---

[1]According to the record, the hearing on the State's motion to proceed was heard (in part) in conjunction with the retrial of cause number 2008-419,983, after the first trial resulted in mistrial.

2

on or before December 7, 2009. Upon filing of Appellant's brief, counsel is ordered to notify the trial court, in writing, of the filing.

Should counsel timely file the brief, the trial court need not take any further action other than to cause a supplemental clerk's record containing the corrected judgment to be filed with this Court by December 14, 2009.

Should counsel not timely file Appellant's brief, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to utilize whatever means necessary (which may include an evidentiary hearing) to determine the following:

1. whether Appellant desires to prosecute the appeal;
2. whether Appellant's counsel has effectively abandoned the appeal given his failure to timely file the brief;
3. whether Appellant has been denied effective assistance of counsel;
4. whether counsel for Appellant should be removed; and
5. whether Appellant is indigent and entitled to new appointed counsel.

Should it be determined that Appellant is entitled to new appointed counsel or has retained new counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact and conclusions of law regarding the aforementioned issues and cause its corrected judgment, findings, conclusions, and any other orders entered, to be included in a supplemental clerk's record to be filed with this

Court by December 28, 2009.  Should further time be necessary for the trial court to perform these tasks, a request for extension must be filed before December 28, 2009.

It is so ordered.

Per Curiam

Do not publish.